IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01148-EWN-KMT

UNITED STATES OF AMERICA,

      Plaintiff,

v.

$5,690.00 IN UNITED STATES CURRENCY, and
$1,210.00 IN UNITED STATES CURRENCY,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This matter is before the court on the following motions: 1) Claimant Lee Arthur Thompson's "I - Petition to Dismiss Plaintiff's Complaint for Failure to Provide Claimant with Adequate Notice of Forfeiture Proceeding, Pursuant to Supplemental Rule G(8)(b)(I), 18 U.S.C. §983 and Answer Presenting Defense Under 12(b)(3), (5), and (6) and, II - Petition to Release Property, Under 18 U.S.C. §983(f)" (hereinafter "Cl. Pet. Dism." [Doc. No. 12, filed October 3, 2007]; 2) Claimant Lee Arthur Thompson's "Claimant's Reply to United States' Untimely "Amended" (?) Response in Opposition to Motion to Dismiss, Motion for Default Judgment Pursuant to F.R.Civ.P. 55, and Motion for Summary Judgment Pursuant to F.R.Civ.P. 56" (hereinafter "Cl. Def. & S.J." [Doc. No. 22, filed December 20, 2007]; 3) Plaintiff's "Motion for Clerk's Default Only as to Defendant $5,690.00 in United States Currency" (hereinafter "Pl.

Mot. Def." [Doc. No. 44, filed June 17, 2008]; and, 4) Claimant Lee Arthur Thomson's "Motion for Dismissal for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) and Lee Arthur Thompson's Motion in Opposition to the Government's Motion for Clerk's Default Only as to Defendant $5,690.00 in United States Currency" (hereinafter "Cl. Mot. Dism." [Doc. No. 53, filed July 11, 2008].

**Procedural History**

The Verified Complaint against Defendant $5,690.00, as well as the separate Defendant property $1,210.00 was filed on June 17, 2007. [Doc. No. 1]. Service was made by publication on both Defendants in Denver, Colorado via "The Daily Journal" on July 19, 26, and August 2, 2007. [Doc. No. 5]. On August 31, 2007 copies of the Complaint, Warrants and other documents were served on Lee Arthur Thompson via first class U.S. Mail with Certified Mail Return Receipt Requested. [Doc. No. 9]. On October 3, 2007, Claimant Thompson filed "Motion Contesting Plaintiff's Verified Complaint for Forfeiture In Rem" [Doc. No. 10], a Declaration [Doc. No. 11], and the first of the motions at issue herein, the Petition to Dismiss the Complaint [Doc. No. 12]. The United States responded to Claimant's Petition to Dismiss on November 26, 2007 (hereinafter "Pl. Rsp. Pet." [Doc. No. 19]).

On December 20, 2007, Thompson filed the above referenced Motion for Summary Judgment which also contained the Claimant's Reply to the United States' November 26, 2007, Response. [Doc. Nos. 21 and 22]. The United States responded to the Motion for Summary Judgment on January 10, 2008. [Doc. No. 25].

No claims were filed as to Defendant $1,210.00, however default was denied because service by publication as to that asset only was deemed insufficient by the Clerk of Court. [Doc. No. 29, filed January 14, 2008 and Doc. No. 30, filed January 30, 2008]. The United States re-published notice of this action against <u>both</u> defendants for four consecutive weeks via "The Daily Journal." [Doc. No. 34]. On March 31, 2008, notice was mailed to Lee Arthur Thompson, #19792-013, TUCSON U.S. PENITENTIARY, Inmate Mail/Parcels, P.O. Box 24550, TUCSON, AZ 85734.

On June 3, 2008, default judgment was entered as to Defendant $1,210.00 and the currency was forfeited. [Doc. No. 39 and 40]. The United States filed for an Entry of Default as noted above on June 17, 2008 with respect to Defendant $5,690.00. [Doc. No. 44]. Claimant Thompson filed his Motion to Dismiss regarding subject matter jurisdiction and an opposition to the motion for entry of default on July 11, 2008.

## I. Legal Standards

### A. Pro Se Claimant

Claimant Thompson is proceeding *pro se*. Therefore the court must liberally construe his pleadings. *Haines v. Kerner*, 104 U.S. 519, 520-21 (1972) Nevertheless the court will not act as advocate for a pro se litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The claimant's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002); *Castaldo v. Denver Pub. Schs.*, 2007 WL 2472064, *2 (D. Colo. Aug. 28, 2007).

### B. Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

### C. Fed. R. Civ. P. 12(b)(5)

A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353. *See Gartin v. Par Pharmaceutical Companies, Inc.*, 2008 WL 2871691, 3 (5th Cir. 2008) "The Court may dismiss a complaint for ineffective service of

process pursuant to [Rule] 12(b)(5) if the plaintiff fails to establish that he ... has properly effectuated service pursuant . . . ." *Lindsey v. United States*, 448 F. Supp. 2d 37, 42 (D. C. Cir. 2006). "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; . . . ." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987); *Shane v. United States,* 2008 WL 101739, 3 (D.C. Cir. 2008)

### D. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). Thus, all well-pled factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated the "plausibility" standard to judge motions to dismiss, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

### E. Entry of Default - Fed. R. Civ. P. 55

Fed. R. Civ. P. 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The burden is upon the plaintiff to prove proper service and entitlement to an entry of default.

### *F. Summary Judgment - Fed. R. Civ. P. 56(c)*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th

Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

> II. *Analysis*
>> A. *Subject Matter Jurisdiction*

Claimant's intertwined Complaint, appearing in one form or another through each of his motions, is that he did not receive proper notice of the proposed forfeiture proceedings. (Cl. Pet. Dism. at 6; Cl. Mot. Dism.) Further, he makes the related argument that the action was not timely brought. (*Id.* at 7). In combination, the claimant argues the court lacks subject matter jurisdiction over the defendant currency as a result of improper notice and untimely filing creating a claim arising under Fed. R. Civ. P. 12(b)(1).

In addition to the Rule 12(b)(1) claims, Thompson's original Petition to Dismiss stated the claimant was bringing allegations pursuant to Fed. R. Civ. P. 12(b)(3) improper venue, (5) insufficient service of process and (6) failure to state a claim upon which relief can be granted. (Cl. Pet. Dism. at 1) Claimant, however makes no argument regarding improper venue. Claimant alleges that he received improper notice about the forfeiture of the defendant property, which the court assumes is why Claimant cited to Rule 12(b)(5). *Id*. at 4-7. The allegation

pursuant to Rule 12(b)(6) appears to be addressed in "Argument (iii)" arguing that the plaintiff failed "to meet their burden." *Id.* at 7-8.

Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

This court has reviewed and taken judicial notice of the documents which are part of the public records of this case including: Doc. No. 5, Affidavit/Return of Service of Publication; Doc. No. 9, the certificate of service on Lee Arthur Thompson at USP Tucson, Arizona with copies of the Notice of Arrest and Procedures, Verified Complaint for Forfeiture in Rem, Order for Warrant for Arrest of Property in Rem, Warrant for Arrest of Property in Rem, and Instructions Regarding Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction; and, Doc. No. 34, Affidavit/Return of Service of Publication.

These documents satisfy the United States' burden of proof with respect to subject matter jurisdiction. Claimant's allegations regarding improper notice are exclusively directed at notice provisions concerning <u>administrative</u> forfeiture proceedings. The instant case obviously involves a <u>judicial</u> forfeiture.

### B. *Failure to State a Claim*

The court must take the factual allegations of the Complaint as true when considering a Rule 12(b)(6) motion. The Complaint states adequate grounds to support the claim that the defendant currency constitutes money furnished and intended to be furnished in exchange for a

controlled substance, and proceeds of and traceable to the exchange of controlled substance. Fed. R. Civ. P., Supplemental Rule (E)(2)(a). The Complaint contains multiple paragraphs containing factual statements about Mr. Thompson's drug trafficking at the Alpine Rose Motel in Adams County, Colorado. (Compl. at ¶¶ 5 - 19) The Complaint also alleges that Mr. Thompson and certain others were convicted of drug trafficking by a jury after a full evidentiary trial based upon, in part, the same facts which are set forth in the Complaint. (Compl. at ¶¶20 - 23) In spite of Mr. Thompson's claim that the proceeds were derived from legitimate sources (evidence which is not properly considered at this juncture of the case), the Complaint also states that Mr. Thompson's Colorado Department of Labor records indicated no legitimate income during the relevant time period and that "although he had a van with a label indicating a carpet cleaning business," Thompson's common law wife had never seen him clean carpets or direct anyone else in such a business. (Compl. at ¶24).

The Complaint, therefore, sets forth sufficient facts pursuant to Fed. R. Civ. P. 12(b)(6) to state a claim upon which relief could be granted.

### C. *Summary Judgment*

The claimant alleges that because the United States did not timely respond to his Petition to Dismiss [Doc. No. 12], the United States must be deemed to have admitted Claimant's version of the facts concerning the origination and use of the defendant currency. He claims, therefore, that he is entitled to summary judgment as a matter of law. The court records, however, indicate the United States did timely file a response to the Petition to Dismiss as directed and served it on

9

Claimant as noted *infra*. [Doc. No. 19]. Therefore, no admission of Claimant's facts has been made by the plaintiff.

Upon examination of the Verified Complaint [Doc. No. 1], Claimant's Declaration [Doc. No. 11] and the United States' Response to Claimant's Petition and the Affidavit attached thereto [Doc. No. 19], it is clear there are numeous material facts in dispute in this case, rendering summary judgment inappropriate.

### D. *Entry of Default Against United States*

Claimant argues that default should enter against the United States for failure to timely file a response to Claimant's Petition to Dismiss. The United States is not, in this matter, a party against whom a judgment for affirmative relief is sought and therefore cannot be subject to default under the provisions of Fed. R. Civ. P. 55. Further, as noted, the court docket reflects the United States did file its "United States' Response in Opposition to Motion to Dismiss" on November 26, 2007 as ordered. [Doc. No. 19] The electronic time stamp on the Response reflects filing on November 26, 2007. *Id.* The document itself contains a certificate showing postal mailing to Mr. Thompson (*Id.* at 10), the United States later submitted the certified mailing return receipt for service of Doc. No. 19 to the prison. [Doc. No. 25, Exhibit 2]

### E. *Failure of Claimant to File Answer*

The United States claims that the claimant has not filed the Answer required by 18 U.S.C. § 983(a)(4)(A) and Supplemental Rules for Certain Admiralty and Maritime Claims C(6) and therefore, claims the United States is entitled to entry of default against the claimant. It is undisputed, however, that the claimant has filed Motions and Petitions to Dismiss pursuant to

Fed. R. Civ. P. 12(b).

Fed. R. Civ. P., Supplemental Rules for Admiralty or Maritime Claims, Rule C(6) provides

> (6) Responsive Pleading; Interrogatories.
> (a) Maritime Arrests and Other Proceedings.
> (i) a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest:
> (A) within 10 days after the execution of process, or
> (B) within the time that the court allows;
> (ii) the statement of right or interest must describe the interest in the property that supports the person's demand for its restitution or right to defend the action;
> (iii) an agent, bailee, or attorney must state the authority to file a statement of right or interest on behalf of another; and
> (iv) a person who asserts a right of possession or any ownership interest must serve an answer within 20 days after filing the statement of interest or right.

*Id.*

Fed. R. Civ. P., Supplemental Rules for Admiralty or Maritime Claims, Rule G(5) provides

> (5) Responsive Pleadings.
> (a) Filing a Claim.
> (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending.
> (ii) Unless the court for good cause sets a different time, the claim must be filed:
> (A) by the time stated in a direct notice sent under Rule G(4)(b);
> (B) if notice was published but direct notice was not sent to the claimant or the claimant's attorney, no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site;

*Id.*

11

While not all courts have recognized the intertwined nature of Fed. R. Civ. P. 12 and the Supplemental Rules for Certain Admiralty and Maritime Claims, Chief Judge Nottingham, to whom this case is assigned, has recently addressed this very issue in *United States v. 904 Toro Canyon Road, Santa Barbara, Cal.*, 2006 WL 36764 (D. Colo. 2006). Chief Judge Nottingham cited with approval the Third Circuit case of *United States v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 149 (3d Cir. 2003), a case referenced by Claimant in his response to the United States' Motion for Default [Doc. No. 44]. Chief Judge Nottingham held in *Toro Canyon Road*

> Supplemental Rule C(6) is [not] inconsistent with Federal Rule of Civil Procedure 12(b), and Plaintiff has not produced any evidence to the contrary. As the Third Circuit noted in $8,221,877.16 in United States Currency: [c]ivil Rule 12(b) motions are intended to 'streamline [ ] litigation by dispensing with needless discovery and fact-finding.' Forfeiture proceedings are no different in this regard. Defenses such as failure to adhere to the statute of limitations can be litigated without a great deal of discovery. If a complaint should be dismissed, the government should not be able to prolong dismissal.... Motions under Rule 12(b) provide litigants with a fundamental procedural safeguard and prevent burdensome discovery in meritless cases.... [There is] no evidence that Supplemental Rule C(6) was intended to pull the rug out from under forfeiture claimants by abolishing the time-honored protections provided in Rule 12(b).

*Id.* at 3-4. Pursuant to Fed. R. Civ. P. 12(a)(4), then, Claimant's Answer is not due until "10 days after notice of the court's action" on Claimant's various motions for dismissal brought pursuant to Rule 12. *Id.*

Wherefore, this court **RECOMMENDS**:

1. Claimant Lee Arthur Thompson's "I - Petition to Dismiss Plaintiff's Complaint for Failure to Provide Claimant with Adequate Notice of Forfeiture Proceeding, Pursuant to

Supplemental Rule G(8)(b)(I), 18 U.S.C. §983 and Answer Presenting Defense Under 12(b)(3), (5), and (6). and, II - Petition to Release Property, Under 18 U.S.C. §983(f)" [Doc. No. 12] be DENIED;

2. Claimant Lee Arthur Thompson's "Claimant's Reply to United States' Untimely "Amended" (?) Response in Opposition to Motion to Dismiss, Motion for Default Judgment Pursuant to F.R.Civ.P. 55, and Motion for Summary Judgment Pursuant to F.R.Civ.P. 56" [Doc. No. 22] be DENIED;

3. Claimant Lee Arthur Thomson's "Motion for Dismissal for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) and Lee Arthur Thompson's Motion in Opposition to the Government's Motion for Clerk's Default Only as to Defendant $5,690.00 in United States Currency" [Doc. No. 53] be DENIED;

4. Plaintiff United States's "Motion for Clerk's Default Only as to Defendant $5,690.00 in United States Currency" [Doc. No. 44] be DENIED and the Claimant be directed to file an Answer to the Verified Complaint within ten (10) days of the Court's final disposition of the outstanding Rule 12(b) motions.

**NOTICE: Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections**

to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *Int'l Surplus Lines Ins, Co. v. Wyo. Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see,*

***Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).**

Dated this 4th day of August, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge