IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Kathleen M. Tafoya**
**United States Magistrate Judge**

Civil Action No. 07-cv-01148-EWN-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$5,690.00 IN UNITED STATES CURRENCY, and
$1,210.00 IN UNITED STATES CURRENCY,

    Defendants.
_____

**ORDER**
_____

This case comes before the court on Doc. No. 42, a letter filed on June 10, 2008 by Alvin S. Hutchinson and docketed as a "Motion for Reconsideration of the Court's Default and Final Order of Forfeiture Only as to Defendant $1,210.00 in United States Currency [Doc. No. 39, filed June 3, 2008]."[1] The "United States' Response to Motion for Reconsideration" was filed July 11, 2008 [Doc. No. 52] and Mr. Hutchinson filed another letter of inquiry, docketed as a

---

[1] Alvin Hutchinson filed his letter *pro se*. The court notes at the outset that because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").

Reply, on August 11, 2008. [Doc. No. 61]. Mr. Hutchinson's re-titled Motion for Reconsideration was referred to this court on June 20, 2008.

*Procedural History*

On April 4, 2005, a grand jury returned an indictment in District of Colorado Case No. 05-cr-00141-MSK against Alvin Hutchinson, among others, charging Racketeering, Continuing Criminal Enterprise, Conspiracy to Distribute and Distribution and Possession With Intent to Distribute More Than 50 Grams of Cocaine Base. [Case 05-cr-00141, Doc. No. 1]. On April 12, 2005, law enforcement officers seized $1,210.00 in currency from the person of Alvin Hutchinson during his arrest on the indictment at his residence. (*See*, Case 05-cr-00141, Transcript of Sentencing Hearing, May 2, 2007, Doc. No. 1336, [hereinafter "Transcript"]). A jury trial was held in the criminal case beginning on January 2, 2007 and concluding in guilty verdicts on January 12, 2007. [Case 05-cr-00141, Doc. No. 1094]. On April 25, 2007, Robert Pepin, appointed attorney representing Alvin Hutchinson throughout the criminal case, filed a Motion for Return of Property [Doc. No. 1253] requesting that the $1,210.00 in cash *inter alia* seized on April 12, 2005, be returned to Mr. Hutchinson. On May 2, 2007, the District Court denied the motion without prejudice subject to anticipated resolution in a civil forfeiture action. (*See*, *Transcript*) Defendant, again through counsel Robert Pepin, filed a Notice of Appeal concerning his criminal case on May 3, 2007. [Case 05-cr-00141, Doc. No. 1264]. The appeal remains pending and Mr. Hutchinson continues to be represented by the Federal Public Defender's Office.

On June 1, 2007, the United States, in compliance with the order of Judge Krieger in the criminal case, filed its Verified Complaint seeking forfeiture of the defendant $1,210.00 in cash pursuant to 21 U.S.C. § 881. [Case 07-cv-01148, Doc. No. 1]. The United States sent notice of the forfeiture action and related documents to Alvin Hutchinson via first class U.S. Mail and Certified Mail Return Receipt Requested as evidenced by the plaintiff's Certificate of Service filed with the Court on August 31, 2007. [Doc. No. 8]. The same documents were also sent to Mr. Hutchinson's attorney in the criminal case and in the appeal, Robert Pepin. (*Id.*)

On January 10, 2008, the United States filed a Motion for Clerk's Entry of Default directed to the $1,210.00 and did not serve a copy on either Mr. Pepin or Mr. Hutchinson. [Doc. No. 26]. By Clerk's Note and Supplemental Clerk's Note, the motion was denied for improper publication. [Doc. Nos. 29 and 30]. The Supplemental Clerk's Note was served on Mr. Pepin and on Mr. Hutchinson. (*Id.*)

On May 28, 2008 the United States again filed a Motion for Entry of Default as to the $1,210.00 and again did not serve either Mr. Pepin or Mr. Hutchinson. [Doc. No. 36]. The next day the Clerk entered Default [Doc. No. 37] and served both Mr. Pepin and Mr. Hutchinson. The following day, May 30, 2008, the United States moved for entry of Default Judgment against $1,210.00 and again served neither Mr. Pepin nor Mr. Hutchinson. [Doc. No. 38]. Four days later the court entered its "Default and Final Order of Forfeiture Only as to Defendant $1,210.00 in United States Currency," [Doc. No. 39], and the Clerk thereupon entered "Default Judgment only as to Defendant $1,210.00 in United States currency. [Doc. No. 40]. Doc. No.

3

39 and Doc. No. 40 were served on both Mr. Pepin and Mr. Hutchinson. Mr. Hutchinson filed the letter now being reviewed by this court on June 10, 2008. [Doc. No. 42].

*Issue Presented*

Mr. Hutchinson claims that during the entire pendency of this civil case, he believed he was being represented by attorney Robert Pepin and therefore did not understand that he personally needed to take any action to protect his property. (*Id.*) He claims that he understood from a hearing in his criminal case that Mr. Pepin was representing him and that each and every mailing he received from the court in this case was also sent to Mr. Pepin, thus further bolstering his understanding. (*Id.*) Mr. Hutchinson requests that the default be set aside and that he be given an opportunity to defend against the forfeiture. Further, he asks that he be appointed counsel to represent him in the forfeiture matter. (*Id.*)

*Legal Standard*

Fed. R. Civ. P. 55(c) provides, "Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."

Fed. R. Civ. P. 60(b) provides

b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    . . .
    (6) any other reason that justifies relief.

*Id*.

Relief under Rule 60(b) is only to be granted in exceptional circumstances. *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). The defaulting party has the burden of establishing that the default judgment should be set aside. *Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987); *In re Wallace*, 99 Fed. Appx. 870, 873 (10th Cir. 2004). Beyond the specifics of Rule 60(b), Mr. Hutchinson has the additional burden of showing that his culpable conduct did not cause the default and that he has a meritorious defense to the claim. *United States v. Timbers Preserve, Routt County*, 999 F.2d 452, 454-55 (10th Cir.1993).

The kinds of mistakes by a party that may be successfully raised by a Rule 60(b)(1) motion include litigation mistakes when a party could not have protected against, such as the party's counsel acting without authority of the party to that party's detriment, or, as in this case, not acting at all. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577-578 (10th Cir. 1996). *See also, Thompson v. Kerr-McGee Refining Corp.*, 660 F.2d 1380, 1384-85 (10th Cir. 1981) (granting relief under Rule 60(b)(1) when litigation had previously been dismissed because of reliance upon attorney's advice that no appearance was necessary); *Surety Insur. Co. of Calif. v. Williams*, 729 F.2d 581, 582-83 (8th Cir. 1984) ("[A] judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry"). Rule 60(b)(1) relief has also been granted upon a showing of a party's excusable failure to comply with procedural rules. *Wallace v. McManus*, 776 F.2d 915, 917 (10th Cir. 1985) (per curiam) (finding "excusable neglect" under Rule 60(b) when a pro se prisoner let an appeal

deadline lapse after notice of the entry of judgment was sent to her former attorney rather than to her).

*Analysis*

To understand fully the argument of Mr. Hutchinson in this matter, the Court has reviewed the transcript of the hearing on Mr. Hutchinson's Motion for Return of Property argued on Mr. Hutchinson's behalf by Robert Pepin in criminal case 05-cr-00141-MSK. (Transcript, Doc. No. 1336.)

There being no criminal forfeiture count contained in the indictment, Mr. Pepin argued the $1,210.00 seized from Mr. Hutchinson during his arrest should be returned to him at the time of sentencing without the need for further proceedings. Mr Pepin argued there was unlikely to be outside claimants to the money seized from Mr. Hutchinson's person. Mr. Pepin, stated, "The reality is that when Mr. Hutchinson was arrested, that money was found in his pocket." (Transcript, p. 14 lines 2-4). He added, ". . . in terms of money in his pocket being claimed by someone else, I'm not sure how that even happens.) (*Id*. at line 12). When asked by the Court if Mr. Hutchinson had adequate notice of any forfeiture claim against the $1,210.00, Mr. Pepin replied they had no notice at all of any forfeiture claim. (*Id*. at p.15, line 2). The Court then stated, ". . . it seems to me I cannot under Rule 41(g) determine ownership of that money without an evidentiary hearing." (*Id*., lines 18-20). Mr. Pepin continued to argue that given the lack of evidence presented at trial with respect to forfeiture of the currency and the lack of notice of the government's intent to forfeit the money, "We think we should just be given the money now." (*Id*. at p. 16, line 22).

Mr. Pepin then engaged in the following discourse with the court,

PEPIN: "We're asserting the claim in front of the Court. We think it should be given to us. And if somebody is going to assert something else, I think maybe they should file something.

THE COURT: I think that's why we have civil forfeiture.

PEPIN: I do, too; but I don't know what's going to happen if civil forfeiture is too late. I guess **we'll** be filing another motion, your Honor, if **we** need to, your Honor, is where **we are**.

*Id*. at p. 18, lines 13-22. (emphasis added).

The court then stated that while the $1,210.00 could be addressed in an evidentiary hearing pursuant to Fed. R. Civ. P. 41, if the Government was going to institute a civil forfeiture action concerning all the disputed property (involving CD's and photographs as well as money), it would be most efficient to collapse everything into one civil forfeiture action. (*Id*. at p. 20, line 24, p. 21, line 3). The court then ordered the government to file a civil forfeiture action within thirty days of the hearing.

The court concluded with the following dialogue,

THE COURT: Then Mr. Pepin, all of these will be dealt with in the civil forfeiture action. And I, anticipating what you might be thinking at the moment, **double-checked to see whether or not your representation covered civil forfeitures; and I know that CJA representation does, so I'm assuming yours does, too.**

PEPIN: **Yeah, I think we'll probably be able to handle it. If not, I can stretch a rule or two in this context, I'm sure.**

THE COURT: Then I'm going to deny the motion without prejudice here because I believe **it will undoubtedly be dealt with in the civil forfeiture context**.

*Id*. at p. 21 line 17, p. 22, line 3. (emphasis added).

7

The Verified Complaint for Forfeiture In Rem was filed as ordered on June 1, 2007, and thereafter all notices and other documents which were sent to Mr. Hutchinson were also sent to Mr. Pepin pursuant to the certificates of mailing.

It could not be clearer from the record that a reasonable person in the position of Mr. Hutchinson would believe that Mr. Pepin was appointed by the District Court to represent him in the civil forfeiture action and that Mr. Pepin would "stretch a rule or two" to facilitate his ability to do so. Further actions which were contemplated in the civil forfeiture were designated as something Mr. Pepin and Mr. Hutchinson, hence the term " we," would undertake together. The record is devoid of any explanation why Mr. Pepin did not enter his appearance in the civil forfeiture action as promised.[2]

Mr. Hutchinson, a prisoner petitioning the court pro se and without access to the electronic docket in either of his cases, has twice voiced his confusion over the events transpiring in this forfeiture action. Mr. Hutchinson has provided timely notice to the court of his Rule 60(b) request to set aside the default judgment entered against him and has shown sufficient extraordinary circumstances conforming to the requirements for relief from judgment because of mistake or inadvertence for which he was not at fault. However, a Fed. R. Civ. P.

---

[2] The United States' Response states, "In mid-June, Assistant United States Attorney Jams (sic) S. Russell spoke with Attorney Robert Pepin in regard to this matter. Mr. Pepin stated that he is not representing Hutchinson in the civil forfeiture and did not give Hutchinson any indication that he would do so." This statement is clearly at odds with the representations made by Mr. Pepin to District Court Judge Marcia Krieger on May 2, 2007.

60(b) motion also requires the movant to show that he has a meritorious defense to the claim, an element not yet addressed by Mr. Hutchinson.

A *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to sustain a finding on or element of the relief requested. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

Therefore, under the extraordinary circumstances of this case, this court

**ORDERS:**

1. The Clerk shall appoint Robert Pepin of the Federal Public Defender's Office to represent Alvin S. Hutchinson in this civil forfeiture action; an appointment clearly contemplated by the District Court and all parties at the May 2, 2007 hearing.

It is further **ORDERED**

2. Mr. Pepin will file additional argument and showings as deemed appropriate in support of Mr. Hutchinson's Motion to Set Aside Default Judgment pursuant to Fed. R. Civ. P. 60(b) within thirty days of the Clerk's appointment.

Dated this 19th day of September, 2008

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge